Weldon, J.,
delivered the opinion of the court:
This suit was brought to recover compensation for mail service performed for the United States in the State of WestVir- ¡ ginia from April 1,1861, to June 22 following.
Í The contract under which the service was rendered provided i that the compensation should be at the rate of $195 per year, \ commencing July 1, 1859, and ending on the 30th of June, ' 1863.
The defense made by the government is that the claimant is not entitled to recover, because of the presumption that the service has been paid for by the Confederate government, under the act of the congress of the Confederate States passed on the 27th of September, 1862. That act has been the subject of judicial examination in this court, and is quoted at length in the case of Hukill v. The United States (18 C. Cls., 180).
*114 On the 3d March, 1877 (19 Stat. L., 344, 362, ch. 105), Congress made an appropriation of $375,000 for the purpose of paying mail contractors for mail service in certain States, of which West Virginia was one, for the years 1859,1860, and 1861, and before said States respectively engaged in war against the TTnited States, with a proviso that any claim which had been paid by the Confederate States should not again be paid.
In giving construction to said act it was held by this court in the Hukill Case that the presumption is that payment was made by the Confederate authorities, and that such presumption must be overcome before the claimant is entitled to recover.
In this case the court has found that the payment was not made by the Confederate government, and in that essential particular differs from the Hukill and other cases decided by this court.
In consequence of an order made by the Treasury Department, requiring the adjustment of claimsunder the actof March 3, 1877, to be within two years, the amount of the appropriation reverted to the Treasury, and this proceeding is based upon the act of 1877 as one of the grounds of recovery.'
Although at the time the services were rendered the territory of West Virginia was a part of the Stateof Virginia, as a State it never did engage in war with the United States, never passed an ordinance of secession ; but, upon the contrary, its origin as a State grew out of the attachment of its people to the Union, against the act of secession passed by the State of ■ Virginia on the 17th of April, 1861.
The people living in the territory organized as the State of West Virginia, in the exercise of their right and duty to adhere j to the United States, formed a constitution, and were by Con- ( gress recognized as one of the States of the Union, having a j complete and constitutional existence as such.
The question of compensation to mail contractors under the act of 1877 came before this court in the case of Huffman v. United States (17 C. Cls. R., 55), in which case it is said:
“ Of course if there were such contractors in those three States, Kentucky, Missouri, and West Virginia, there was no reason why Congress should do less justice to them than to those in the seceded States, and, when legislating upon the subject, it was natural- and convenient that they should be pro *115 vided for by the same statute; but it does not follow that provisions applicable to contractors within the seceded States are to be taken as applicable to those in Kentucky, Missouri, and West Virginia. The statute might have been more clearly expressed, yet the manifest intent is that mail contractors in those three States shall be paid the amount due to them for mail service performed in 1859, 1860, 186L, while in the case of the seceded States there is practically a further limitation imposed which restricts the relief to service in those years, rendered before said States respectively engaged in war against the United States.’ ”
Holding, as we do, that a proper construction of the act of 1877 does not include West Virginia in the States “ which engaged in war with the United States,” and that said State did not attempt to secede from the Union, but, upon the contrary, its existence is due to the attempted secession of the State of Virginia, it is the conclusion of the court that the plaintiff is entitled to recover for the time in which he carried the mails, and for which he was not paid, amounting to the sum of #43.33, for which judgment will be entered.